### LIVINGSTON v. POLLATSCHEK.

(Supreme Court, Appellate Term. January 5, 1912.)

TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

　　Where, in an action to recover $930 claimed to have been advanced for defendant's use, the jury could have found that plaintiff advanced that sum, but that defendant had repaid $362 thereof, it was error to instruct that plaintiff was either entitled to recover $930 or nothing at all.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. §. 252.*]

Appeal from City Court of New York, Trial Term.

Action by Bernard Livingston against Jacques Pollatschek. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Sporborg & Canter (William O. Sporborg, of counsel), for appellant.

Joseph Sapinsky and Alvin T. Sapinsky, for respondent.

PAGE, J.　The action was brought to recover the sum of $930, paid for defendant's use while he was in Mt. Sinai Hospital. The de-

fense was that not more than $362 had been advanced, which had been repaid. The learned trial justice instructed the jury:

"At the very outset let it be clear in your mind that there cannot be any question of doubt in reference to the amount to which this plaintiff is entitled. He is either entitled to the sum of $930, or he is not entitled to a single cent from you in the shape of a verdict."

At the conclusion of the charge the plaintiff's counsel made the following request:

"I ask your honor to charge— In view of the fact that your honor has charged that the plaintiff may recover the sum of $930 or nothing, may I ask your honor to modify the charge and instruct the jury that the plaintiff may recover $930, or $930 less the $362 which the defendant claims he paid him."

The court declined to so charge, and stated:

"Your claim is that he owes you $930."

Plaintiff's counsel:

"But the jury might find that he owed $930, and still find that defendant paid $362. I take an exception."

Upon the evidence the jury could have found that plaintiff had advanced $930, and the defendant had repaid $362, and, if not for the charge of the court, could have returned a verdict for $568. But, under the charge, if the jury believed that $362 had been paid, they were required to return a verdict for the defendant. The instruction was erroneous and prejudicial.

The judgment should therefore be reversed, and a new trial had, with costs to the appellant to abide the event. All concur.